IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON E. MINOR,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>DAVID J. SHULKIN, Secretary of the  )<br>Department of Veterans Affairs,  )<br>  )<br>    Defendant.  )  | Civil Action No. 17-1638 |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to File Forensic Economic Loss Expert Report by CPA Eric Smith with Plaintiff's Pre-Trial Statement ("Motion"). For the reasons explained below, Plaintiff's Motion will be granted in part.

**I.   Relevant Procedural History**

This lawsuit was commenced in December 2017. In the parties' Rule 26(f) Report filed on March 13, 2018, they agreed that Plaintiff shall produce any expert reports no later than October 15, 2018, and that expert discovery shall be completed by January 19, 2019. The then-presiding judge, Magistrate Judge Mitchell, held a case management conference at which time a discovery deadline of September 17, 2018, was established; however, pursuant to Judge Mitchell's practices, a case management order which set any other deadlines was not entered. For good cause, subsequent extensions of the discovery deadline were granted by Judge Mitchell.

This case was reassigned to the undersigned in June 2019 upon Judge Mitchell's retirement. At the parties' request, the Court granted one final extension of the discovery deadline until September 30, 2019. However, no new deadlines were established for expert reports and discovery at that time. At a post-discovery status conference, deadlines were set for dispositive motions and Defendant filed a motion for summary judgment on November 4, 2019. After full

briefing, Defendant's motion for summary judgment was granted in part and denied in part in a Memorandum Opinion issued on June 17, 2020.

After the parties unsuccessfully explored resolution, the Court held a status conference on September 2, 2020, during which the Court explained that due to issues related to the pandemic, conducting a jury trial in this case would be delayed for an indefinite period of time. At that time, Plaintiff reiterated his request for a jury trial and the Court indicated that a pretrial order would be issued. Later that day, having raised the issue of an expert during the conference, Plaintiff filed the instant Motion. Approximately three weeks later, both parties waived their right to a jury trial. A trial date of April 5, 2021 has been agreed to by the parties.

As part of the discovery process, Defendant directed interrogatories to Plaintiff on May 18, 2018 in which he requested, among other things, the identity of Plaintiff's expert witnesses and other information about potential experts, including his or her qualifications, the substance of any opinions to be offered and other disclosures required by the Federal Rules of Civil Procedure. In his request for production, Defendant also sought the production of the curriculum vitae of any expert and a list of other cases in which the expert offered expert testimony. Plaintiff's response was not provided until February 11, 2019, after Plaintiff had filed his Second Amended Complaint. In his response to Defendant's discovery, Plaintiff identified two experts, Jody Schultz and Eric Smith, but did not produce an expert report from either. On June 13, 2019, he produced a report from Ms. Schultz, but after her deposition was noticed by Defendant, Plaintiff withdrew Ms. Schultz as an expert. At no time has Plaintiff produced an expert report authored by Mr. Smith.

**II.   Discussion**

In his Motion, Plaintiff argues that it was not feasible to produce an expert report by the prior deadline to which the parties agreed in their Rule 26(f) Report. The Court agrees that given

2

the procedural history of this case and the multiple extensions of discovery, the original deadline for expert disclosures suggested by the parties was no longer feasible. Moreover, no new deadline was ever established.

Plaintiff proposes that his expert report will be filed with his pretrial statement, which is due on November 30, 2020, and that Defendant will not sustain any prejudice because they will have "ample time" to produce an expert report when they file their pretrial statement one month later. Plaintiff also offers that he will not object to his expert's deposition being taken prior to trial.

Defendant objects to Plaintiff's Motion on multiple grounds. First, they note that Rule 26(a)(2)(A) requires a party to disclose the identity of an expert as well as a written report, but Plaintiff has failed to do so. Further, Plaintiff failed to supply the additional information regarding Mr. Smith that was requested in Defendant's discovery, and all discovery was required to be completed by September 30, 2019. Defendant further disputes Plaintiff's assertion that it would not have been feasible to provide his report before now, a full year after discovery closed. As such, Defendant contends, to allow Plaintiff to submit an expert report at this late juncture would be prejudicial and would disrupt an orderly and efficient trial.

There is no question that Plaintiff did not provide expert disclosures by the deadline suggested in the parties' Rule 26(f) Report. It also appears that Plaintiff failed to supply the information requested by Defendant during discovery or produce a written expert report authored by Mr. Smith.

At the same time, at no time has the Court entered a case management order which set a deadline for expert disclosures, and the original deadlines for fact discovery, as well as those

suggested for expert disclosures and expert discovery, have long since passed. It also appears that Defendant did not move to compel more complete responses to its discovery as it related to experts.

Thus, while it is clear that the Court ordered that no further discovery extensions would be granted, there was no court-ordered deadline for expert disclosures. While Defendant argues that he would be prejudiced if Plaintiff is permitted to file an expert report, it appears that Defendant is not unduly prejudiced and any potential for harm can be eliminated by providing Defendant with an opportunity to depose Plaintiff's expert. Then, if Defendant chooses to do so, he may file a responsive expert report.

Fed. R. Civ. P. 26(a)(2) provides that expert disclosures must be provided at the time that the court orders. Absent a court order, disclosures must be made at least ninety (90) days before the date set for trial. Here, no court order was ever entered that established a deadline for expert disclosures and trial is six months away. At the same time, Plaintiff's responses to Defendant's expert discovery appears to have been deficient. After balancing the equities, the Court concludes that Plaintiff may submit an expert report from Mr. Smith, but Defendant must be provided sufficient time to respond and if desired, take Mr. Smith's deposition. Because pretrial deadlines have already been established, however, this must be accomplished in a manner consist with these deadlines and the history of this case.

Therefore, this 2nd day of October, 2020, it is hereby ORDERED that:

1. Plaintiff shall provide Eric Smith's expert report, as well full and complete expert disclosures that comply with Rule 26(a)(2), no later October 30, 2020.

2. Defendant may take the deposition of Mr. Smith and if Defendant chooses to do so, shall complete the deposition by November 30, 2020. Plaintiff shall cooperate in making Mr. Smith available for his deposition based upon this schedule.

3. Defendant shall provide any expert disclosures to Plaintiff by December 30, 2020.

> BY THE COURT:
>
> /s/ Patricia L. Dodge
> PATRICIA L. DODGE
> United States Magistrate Judge